UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEUS ROBLES,<br><br>               Petitioner,<br><br>v.<br><br>DAVID LONG, Warden,<br><br>               Respondent. | Case No. 13cv0067-JLS (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

      This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On December 24, 2012, Petitioner, a state prisoner appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California. ECF No. 1 ("Pet."). On or about January 10, 2013, the case was transferred to this Court. ECF Nos. 4 and 5. On January 30, 2013, the Court dismissed the case without prejudice due to Petitioner's failure to pay the filing fee or establish his inability to do so. ECF No. 10. On February 27, 2013, after Petitioner paid the $5.00 filing fee, the Court reopened the case and set a briefing schedule. ECF Nos. 11 and 12. On April 29, 2013, Respondent filed an Answer to the

Petition for Writ of Habeas Corpus and a Memorandum of Points and Authorities in Support of the Answer. ECF No. 13. Although it was due by May 29, 2013 [ECF No. 12], Petitioner did not file a Traverse or any other response.

The Court has considered the Petition, Answer, Memorandum of Points and Authorities in Support of the Answer, and all supporting documents filed by the parties. For the reasons set forth below, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DENIED**.

## PROCEDURAL BACKGROUND

In February 2010, the State of California filed a complaint charging Petitioner with Attempted Murder, Assault with a Deadly Weapon/Force Likely to Cause Great Bodily Injury, and Receiving Stolen Property and alleging several sentencing enhancements. Lodgment 1 at 1-4. In May 2010, the case was presented to a jury. Id. at 131-148. At the conclusion of the trial, the jury convicted Petitioner of attempted voluntary manslaughter, assault with a deadly weapon, and receiving stolen property, and determined that he had personally used a deadly weapon during the assault. Id. at 148-152. The trial judge sentenced Petitioner to nine years and two months in state prison. Id. at 106-07 and 153-54.

On December 20, 2010, Petitioner appealed his conviction, arguing that it was reversible error to shackle Petitioner before the jury without a showing of cause. Lodgment 3. The appellate court denied the appeal in a reasoned opinion on November 15, 2011. Lodgment 6. Petitioner then filed a Petition for Review with the California Supreme Court alleging that the trial court violated Petitioner's federal constitutional rights when it permitted him to be shackled before the jury without a showing of cause. Lodgment 7. The California Supreme Court denied the petition on January 25, 2012 without citation to authority. Lodgment 8.

On September 28, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court, alleging that his trial counsel provided ineffective assistance of counsel when he failed to object to Petitioner's shackling during trial. Lodgment 9. The superior court denied this petition in a reasoned opinion on November 13, 2012.

Lodgment 10. Petitioner apparently did not present this claim to any other courts, including this one.   On December 24, 2012, Petitioner filed his federal habeas petition, asserting a single claim.  ECF No. 1.  Petitioner's sole claim is the trial court erred when it permitted him to be shackled before the jury.  Id.

## STATEMENT OF RELEVANT FACTS

The following facts are taken from the California Court of Appeal's decision in People v. Robles, Appeal No. D057646, slip op. (Cal. Ct. of App. Nov. 15, 2011). Lodgment 6. This Court presumes the state court's factual determinations to be correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); see also Parke v. Raley, 506 U.S. 20, 35 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness).

A. The Underlying Crimes

> Because this appeal addresses Robles's alleged shackling during trial, it is not necessary to engage in a lengthy recitation of the facts. It is enough to note that a fight broke out after Robles took Sean Reyes's bike from outside of a liquor store. During the fight, Robles stabbed Reyes three times with a knife.

B. Shackling

> During a discussion of the jury instructions outside the presence of the jury, the following discussion took place:
>
> "THE COURT: [CALCRIM] 204 is not needed. [Robles] was not physically restrained during the evidence part. [¶] Is he hooked to the ground?
>
> "[DEFENSE COUNSEL]: He is.
>
> "THE COURT: I don't think we need to call more attention to it than need be. Nobody saw the restraints."
>
> This exchange between the court and defense counsel is the only reference in the record regarding the use of physical restraints on Robles.

Lodgment 6 at 2.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2012).

The Petition was filed after enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2012). In making this determination, a court may consider a lower court's analysis. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (authorizing a reviewing court to look through to the last reasoned state court decision). Summary denials are presumed to constitute adjudications on the merits unless "there is reason to think some other explanation for the state court's decision is more likely." Harrington v. Richter, 131 S.Ct. 770, 784-785 (2011). Additionally, even where a state court does not mention a claim, there is a rebuttable presumption that the state court adjudicated the claim on the merits. Johnson v. Williams, 133 S.Ct. 1088, 1093 (2013).

A state court's decision is "contrary to" clearly established federal law if the state court: (1) "applies a rule that contradicts the governing law set forth in [Supreme Court] cases"; or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

A state court's decision is an "unreasonable application" of clearly established federal law where the state court "'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413). "[A] federal habeas court may not issue [a] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Id. at 75-76 (citations and internal quotation marks omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412.

If the state court provided no explanation of its reasoning, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." Harrington, 131 S.Ct. at 786. In other words, a federal court may not grant habeas relief if any fairminded jurist could find the state court's ruling consistent with relevant Supreme Court precedent. Id.

Habeas relief also is available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2) (West 2012); Wood v. Allen, 130 S.Ct. 841, 845 (2010). A state court's decision will not be overturned on factual grounds unless this Court finds that the state court's factual determinations were objectively unreasonable in light of the evidence presented in state court. See Miller-El, 537 U.S. at 340 (2003); see also Rice v. Collins, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable). This Court will presume that the state court's factual findings are correct, and Petitioner may overcome that presumption only by clear and convincing

evidence. See 28 U.S.C. § 2254(e)(1); Schriro v. Landrigan, 550 U.S. 465, 473-474 (2007).

The exhaustion of available state judicial remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b); see Rose v. Lundy, 455 U.S. 509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). Exhaustion of a habeas petitioner's federal claims requires that they have been "fairly presented" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). However, claims are not exhausted by mere presentation to the state appellate system. A petitioner also must "alert[] [the state] court to the federal nature of the claim." Id. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

## DISCUSSION

Petitioner argues that the trial court committed reversible error when it allowed Petitioner to be shackled before the jury without a showing of cause. Pet. at 5, 12-24. Respondent contends that this claim is procedurally defaulted and that, alternatively, the state court's decision was not contrary to, or involved an unreasonable application of, clearly established federal law. ECF No. 13-1 at 3-6.

The California Supreme Court denied the petition without citation of authority so this Court must "look through" the silent denial to consider the appellate court's reasoning. Ylst, 501 U.S. 804 n.3. In denying the appeal, the appellate court stated:

> Here, a conversation between defense counsel and the trial court regarding CALCRIM No. 204 (admonishing the jury to disregard physical restraints on a defendant) provided the only indication on the record that Robles was physically restrained at any time during trial. From the record before us, it is unclear whether the jury observed Robles in shackles or whether he was shackled at all in their presence. Even if he was shackled in the presence of the jury, however, Robles did not object regarding his shackling at trial. Accordingly, he forfeited the claim on appeal.

Lodgment 6 at 3.

### A.   Procedural Default

"The procedural default doctrine 'bar[s] federal habeas [review] when a state court

decline[s] to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The doctrine "'is a specific application of the general adequate and independent state grounds doctrine.'" Calderon, 96 F.3d at 1129 (quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state grounds doctrine, federal courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Calderon, 96 F.3d at 1129 (quoting Coleman, 501 U.S. at 729); see also La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001); Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000).

      The Ninth Circuit has held that because procedural default is an affirmative defense, Respondent must first have "adequately pled the existence of an independent and adequate state procedural ground. . . ." Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). Once the defense is placed at issue, the burden shifts to petitioner, who must then "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure . . . ." Id. The "ultimate burden" of proving procedural default, however, belongs to the state. Id. If the state meets this burden, federal review of the claim is foreclosed unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

      The Ninth Circuit has explained that "'[f]or a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law.'" Bennett, 322 F.3d at 581 (quoting La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001) (citing Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)). "'A state law ground is so interwoven if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed."'" Id. (quoting Park, 202 F.3d at 1152 and Ake v. Oklahoma, 470 U.S. 68, 75

1  (1985)).

2  For a state procedural rule to be adequate, "the state law ground for decision must be well-established and consistently applied." Bennett, 322 F.3d at 583 (citing Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999)). In addition, the state procedural rule must be "clear . . . and well-established at the time of the petitioner's purported default." Calderon, 96 F.3d at 1129 (quoting Wells, 28 F.3d at 1010); see also Fields v. Calderon, 125 F.3d 757, 760-762 (9th Cir. 1997) (citing Ford v. Georgia, 498 U.S. 411 (1991) (stating that the state procedural rule must be firmly established, regularly followed, and consistently applied to be adequate)).

Here, the appellate court held that Petitioner's shackling claim was forfeited due to counsel's failure to object to the shackling during trial. Lodgment 6 at 2-3. In his answer, Respondent affirmatively pled that this claim is procedurally defaulted. ECF No. 13 at 2. As a result, the burden shifts to Petitioner to allege facts that demonstrate the inadequacy of the procedural bar. Petitioner has not made any effort to satisfy this burden. However, because the ultimate burden of proving the bar remains with Respondent, this Court will address the independence and adequacy of the procedural bar of failing to object during trial.

In Fairbank v. Ayers, Jr., 650 F.3d 1243, 1256-57 (9th Cir. 2011), the Ninth Circuit considered this issue. In his federal habeas petition, Fairbank alleged prosecutorial misconduct based upon the prosecutor's elicitation during trial of a racial slur made by Fairbank. Id. at 1256. The state courts on direct appeal rejected this claim, finding that "counsel's failure to object to the comment operate[d] as a procedural bar and foreclose[d] the possibility of appeal." Id. The Ninth Circuit concluded that this procedural bar is consistently applied, independent, and adequate. Id. at 1256-57. Based upon the Fairbank analysis, this Court finds that California's contemporaneous objection rule is consistently applied, independent of federal law, and adequate. Id. at 1256. The Court also finds that the state court's determination is adequate because the trial court stated in counsel's presence that the jury had not observed the shackling and counsel did not object.

Accordingly, this Court finds that Respondent properly alleged a procedural bar, that Petitioner has not shown that the bar was inadequate, that the bar is in fact independent and adequate, and that Petitioner has not established either cause or prejudice justifying relief from the bar. Therefore, Petitioner's claim is procedurally barred and the Court **RECOMMENDS** that the claim be **DENIED.**

### B. Merits

Petitioner's claim is that "[i]t was reversible error to shakle [sic] appellent [sic] before jury without a showing of cause." ECF No. 1 at 5. Petitioner's supporting argument (id. at 20-22) does not assert a constitutional violation, nor does it include any federal law. However, since there is federal law governing the issue set forth in Petitioner's claim and because the federal constitutional violation was argued to the California Supreme Court, the Court will consider the argument.[1]

The United States Supreme Court has held that federal due process, as set forth in the Fifth and Fourteenth Amendments, "prohibit[s] the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." Deck v. Missouri, 544 U.S. 622, 629 (2005). Thus, the Court held that "where a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation. The State must prove 'beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained.'" Id. at 635 (citing Chapman v. California, 386 U.S. 18, 24 (1967)).

Here, the state appellate court found that the trial record contained almost no evidence relating to Petitioner's shackling. Lodgment 6 at 2-3. The court quoted the only portion of the transcript that mentioned shackling. Id. at 2. In that discussion between

---

[1] In the petition to the California Supreme Court, Petitioner described his argument as: "The Court Should Grant Review to Hold That Petitioner's Right to Federal Due Process of Law (U.S. Const., Amend. V) Was Violated When the Court Had Petitioner Shackled Before the Jury Without a Showing of Cause." Lodgment 7 at 3. This is sufficient to exhaust the federal claim. Baldwin, 541 U.S. at 29. However, the substance of the argument contained only state court law. Id. at 3-7. It appears that the exact same legal argument is contained in Petitioner's appellate brief, petition to the California Supreme Court, and federal habeas petition.

defense counsel and the judge, the judge stated that "[n]obody saw the restraints" and defense counsel did not correct that statement. Id. Given this record, the state court was not unreasonable in its determination that there was not a constitutional violation. See O'Connell v. Harrington, 420 Fed.Appx. 746, 746 (9th Cir. 2011) (affirming denial of habeas petition where there was no evidence in state court record that jury "saw or knew of Mr. O'Connell's shackles"); Ballard v. Cate, 463 Fed.Appx. 655, 656 (9th Cir. 2011) (affirming denial of habeas petition alleging due process violation because "district court did not err in determining there was no evidence in the record to demonstrate the physical restraints were visible to the jury"); Harrington, 131 S.Ct. at 786 (federal court may not grant habeas relief if any fairminded jurist could find the state court's ruling consistent with relevant Supreme Court precedent).

Accordingly, the Court **RECOMMENDS** that the claim of unconstitutional shackling be **DENIED**.

## **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order approving and adopting this Report and Recommendation denying the Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than **July 15, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 29, 2013**.

///
///
///
///
///
///

1  The parties are advised that failure to file objections within the specified time may
2  waive the right to raise those objections on appeal of the Court's order.  See Turner v.
3  Duncan, 158 F.3d 449, 455 (9th Cir. 1998).
4  **IT IS SO ORDERED.**

6  DATED:  June 17, 2013

*Barbara L. Major* (signature)

BARBARA L. MAJOR
United States Magistrate Judge