1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  ZEUS ROBLES,                      CASE NO. 13-CV-0067-JLS (BLM)

11                      Petitioner,   **ORDER (1) ADOPTING REPORT
                                      AND RECOMMENDATION; (2)**
12        vs.                         **DENYING PETITION FOR WRIT
                                      OF HABEAS CORPUS; AND, (3)**
13                                    **DENYING CERTIFICATE OF
    DAVID LONG, Warden,               APPEALABILITY**
14
                        Respondent.   (EFC No. 1, 15)
15

16        Presently before the Court is Petitioner Zeus Robles's ("Petitioner") petition for

17  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  Also before the

18  Court is Magistrate Judge Barbara L. Major's report and recommendation ("R&R")

19  advising this Court to dismiss Petitioner's petition.  (R&R, ECF No. 15).

20        Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a

21  district court's duties in connection with a magistrate judge's R&R.  The district court

22  must "make a de novo determination of those portions of the report . . . to which

23  objection is made," and "may accept, reject, or modify, in whole or in part, the findings

24  or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also*

25  *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874

26  F.2d 614, 617 (9th Cir. 1989).  In the absence of timely objection, however, the Court

27  "need only satisfy itself that there is no clear error on the face of the record in order to

28  accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing

*Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Here, Petitioner failed to file timely objections to the Magistrate Judge's R&R. (*See* R&R 10, ECF No. 15) (ordering parties to file objections "no later than July 15, 2013."). Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety and **DISMISSES** Petitioner's petition.

The Court is obliged to determine whether a certificate of appealability should issue in this matter. *See* Fed. R. App. P. 22(b). A court may issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing that "reasonable jurists" could debate a court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue when the petitioner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, Petitioner failed to object at trial to his purported shackling in the presence of the jury. Thus, the state appellate court found that Petitioner waived this argument on appeal and the R&R properly concluded that Petitioner was foreclosed from advancing the argument as a basis for federal habeas relief. (R&R 8–9, ECF No. 15). Moreover, Petitioner's due process claim lacks merit because the state court record provides no indication that Petitioner's alleged shackling in the presence of the jury had any effect on the verdict. Indeed, the only evidence in the record regarding this issue suggests that the jury never saw the shackles at all. (*Id.* at 10). Thus, the Court finds

1  that no reasonable jurist would debate this Court's procedural ruling or its denial of

2  Petitioner's constitutional claim.

3      Accordingly, the Court **DENIES** a certificate of appealability.  This Order

4  concludes the litigation in this matter.  The Clerk shall close the file.

5      **IT IS SO ORDERED**.

6

7  DATED:  September 9, 2013

8                                    _____
                                     Honorable Janis L. Sammartino
9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28